IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY S. SMALL,

    **Plaintiff,**

  v.                                     Civil Action 2:17-cv-737
                                              Judge Algenon L. Marbley
                                              Magistrate Judge Jolson

WALT HOLLEY, et al.,

    **Defendants.**

## REPORT AND RECOMMENDATION

On August 21, 2017, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 1). Plaintiff's motion for leave did not include a certified copy of his trust fund account statement, which is required by 28 U.S.C. § 1915(a)(2). On August 28, 2017, the Court directed Plaintiff to submit to the Court within thirty days a certified copy of his trust fund account statement from the prison cashier in compliance with 28 U.S.C. § 1915(a)(2). (Doc. 2). The Court informed Plaintiff that his failure to follow the Court's direction would require the Court to "presume that the prisoner is not a pauper, . . . assess the inmate the full amount of fees[,] . . . [and] then order the case dismissed for want of prosecution." (*Id.* (quoting *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997)).

Plaintiff filed an objection to the Court's Order on September 6, 2017. (Doc. 3). Plaintiff's objection was unclear, but seemed to convey a belief that the Court's Order was "void" because "28 U.S.C. 1915(a)(1) is a special remedial federal statute," and he is imprisoned for a violation of state law. (*Id.* at 1). In other words, Plaintiff appeared to argue that § 28 U.S.C. 1915(a) did not apply to him.

On September 7, 2017, the Court informed Plaintiff that § 28 U.S.C. 1915(a) applies to any prisoner filing an action in federal court, regardless of whether they are a state or federal inmate. (Doc. 4). Thus, the Court explained, once again, that a certified copy of Petitioner's trust fund account statement was a statutory requirement that he must comply with. (*Id.* at 1–2). Plaintiff was also reminded that failure his failure to comply would result in this Court's recommendation that he is not a pauper and that the action be dismissed for want of prosecution. (*Id.* at 2).

Plaintiff has failed to submit a certified copy of his trust fund account statement in accordance with the Court's August 28, 2017 and September 6, 2017 Orders. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* be denied (Doc. 1) and that this action be **DISMISSED** for failure to prosecute and comply with the Court's Orders.

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: October 2, 2017                                       /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE